
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/7/2021

**MEMO ENDORSED**

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 7, 2021

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Luis Soto*, 18 Cr. 282 (VEC)

Dear Judge Caproni:

      The defendant in this case, Luis Soto, is scheduled to be resentenced on Count Three of the Information on June 8, 2021, at 11:00 a.m. Soto pled guilty on December 7, 2018, to a Three-Count Information charging him with conspiracy to distribute and to possess with the intent to distribute 400 grams and more of fentanyl, one kilogram and more of heroin, and five kilograms and more of cocaine, in violation of 21 U.S.C. § 846 and 841(b)(1)(A); possession with intent to distribute 100 grams and more of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B); and illegal reentry, in violation of 8 U.S.C. § 1326(a). On June 27, 2019, the Court sentenced Soto to a term of 192 months' imprisonment on Counts One and Two, and a concurrent term of 36 months' imprisonment on Count Three. *See* Dkt. No. 226.

      Soto appealed his sentence on the ground that the term of imprisonment for Count Three exceeded the statutory maximum, which is two years. *See* 8 U.S.C. § 1326(a). The Government agreed that the sentence exceeded the statutory maximum for Count Three, and filed a motion in the Second Circuit, with Soto's consent, seeking a limited remand for resentencing on Count Three only. The Second Circuit granted the Government's motion. *See* Dkt. No. 266. Accordingly, this case is on remand from the Second Circuit for resentencing only on Count Three.

      Despite the limited scope of the Second Circuit's remand, the defendant filed a sentencing submission on May 28, 2021, requesting that the Court adjust his overall sentence to a 120-month sentence. The defendant's submission largely relied on information about the effects of the COVID-19 pandemic on the defendant and on the United States prison system more generally. The Court lacks jurisdiction under the limited scope of the Second Circuit's remand to resentence the defendant on all three counts of conviction. Accordingly, on June 7, 2021, the Court issued an order asking whether the Court should construe the defendant's May 28, 2021 sentencing submission as a motion for a reduction of sentence pursuant to the First Step Act, as codified in 18 U.S.C. § 3582(c). *See* Dkt. No. 278. The defendant then filed a letter requesting that the Court construe his sentencing submission as such a motion. *See* Dkt. No. 279.

      The Government respectfully requests that, if the Court intends to construe the defendant's sentencing submission as a motion under the First Step Act, the Court adjourn the resentencing in this matter for a period of approximately two weeks. A motion brought pursuant to 18 U.S.C. § 3582(c) is subject to a different legal standard than the resentencing authorized by the Second Circuit's remand order in this case. Resolving such a motion includes consideration of whether the defendant has administratively exhausted his request for relief, whether the defendant has shown the existence of extraordinary and compelling reasons for a reduction in sentence, and whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction in sentence. To respond to such a motion, the Government would need to obtain additional records from the BOP, including the defendant's medical records and records relating to whether he has made any request to BOP for compassionate release. Additionally, it is the Government's policy to obtain the approval of the United States Attorney before taking a position on a § 3582(c) motion during the pendency of the COVID-19 pandemic. Given the late nature of the defendant's request, the Government would need additional time to prepare its response. I have spoken to defense counsel, who does not object to this request.

      Very truly yours,

      AUDREY STRAUSS
      United States Attorney

by: _____
      Thane Rehn
      Assistant United States Attorney
      (212) 637-2354

---

The proceeding tomorrow will take place as scheduled. The Court will determine at the hearing whether or not additional time is needed.

SO ORDERED.

*[signature]*    Date: June 7, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE